ALFRED E. ANDREWS, Appellee, v. H. P. GOY, AND MABEL
  GOY, Appellants, and PAUL G. WOERTH, Defendant.

Sale of land: BROKER'S CONTRACT: RATIFICATION: QUIETING TITLE.
  A broker who contracts to sell the land of another subject
  to the owner's approval, and who accepts a part of the pur-
  chase price is personally liable for the repayment of the
  purchase money, in the absence of an approval of the con-
  tract or such acts on the part of the owner as will estop him
  from repudiating the agreement; and the purchaser cannot
  have a decree establishing title in him, nor can he recover
  the purchase money from the owner. ·

*Appeal from Mills District Court.*— HON. W. R. GREEN,
                          Judge.

                WEDNESDAY, JULY 3, 1907.

     ACTION to quiet title and for the possession of certain
real estate.   Defendants Goy denied plaintiff's title, claimed
ownership in themselves, pleaded an estoppel on the part of
plaintiff to claim title, filed a cross-petition against plaintiff
and their codefendant Woerth, and asked for general equita-
ble relief.   The trial court granted plaintiff the relief he
prayed, and defendants Goy appeal.—*Affirmed.*

     *W. E. Mitchel,* for appellants.

     *Genung & Genung* and *E. B. Woodruff,* for appellee.

     DEEMER, J.— Plaintiff claims ownership of the land in
controversy, and it is admitted by defendants Goy that he at
one time owned it.   But defendants Goy say that in Sep-
tember, 1904, plaintiff sold the property to one Woerth, or
rather contracted to sell it to him, and that they purchased
the land from Woerth in October of the year 1904, paying
$800 of the purchase price in cash to Woerth.   They allege

that they informed plaintiff of their intention to buy the land of Woerth, and that he informed them that Woerth had authority and a right to sell the land as his own, having traded South Dakota land therefor. That they purchased the land upon the strength of plaintiff's statements, and paid $800 of the purchase price thereof. These statements are denied by plaintiff, and this denial raises the principal fact question in the case.

There is no dispute as to the terms of the two contracts to which we have referred, as they are both in writing, and so far as material are as follows: By the terms of the agreement between Andrews and Woerth, which was called " an earnest money contract for sale," Woerth, in consideration of $5 in cash as part payment of the purchase price, undertook to sell to Andrews 320 acres of land in South Dakota for the agreed price of $8,300, part of which was to be the land in controversy belonging to Andrews. It was agreed that if the title was not good, and could not be made good, the agreement should be void, and it was also provided that the sale was made " subject to the approval of the owner of the land," and that " should he disapprove the purchase price should be returned." This contract was made September 12, 1904. On October 4, 1904, Goy purchased the land in controversy from Woerth. The contract of sale was for $5,500 and contained, among other things, the following provisions:

Abstract of title to be furnished showing good title to the property with taxes paid. On the following terms: $800.00 cash to accompany this offer, the receipt of which is hereby acknowledged. Twenty-two hundred January 1st, 1905, balance of cash payment. For further consideration we assume mortgage of $2500.00 from January 1, 1905, together with interest. The deferred payments shall be secured by a purchase money mortgage and notes on the usual forms used by Paul G. Woerth & Co., or its clients, or their usual contract form as the case may be. Acceptance of this offer by Paul G. Woerth & Co. of Huron, South Dakota,

is subject to the ratification of the owner of the land, and, in case the sale is not approved by him, then the cash payment and all papers are to be returned to the proposed purchaser through the correspondent submitting same. The cash payment to be retained by Paul G. Woerth & Co. as liquidating expenses for making papers, perfecting title, etc., upon non-compliance by the purchaser with the terms of this memorandum without notice. It is hereby understood that this sale is not binding on the part of Paul G. Woerth & Co. until the cash payment has been received by him at this office in Huron, South Dakota, and the same approved.

It seems that Woerth was dealing, or pretending to deal, with land not his own, but belonging to others. He had no title to the South Dakota land, and never acquired any under the contract with plaintiff, for the reason that he did not secure the approval of the owner of the land. Neither did he acquire the written or other approval of Andrews to the sale of the land in controversy. Andrews has never, therefore, parted with his title, and, if defendants Goy have any rights, it is because of an estoppel upon the part of plaintiff. It is expressly provided in the contract made between Woerth and Goy that the sale was subject to the ratification of the owner, Andrews, and, in case the sale should not be approved, that the cash payment should be returned. Andrews never in fact ratified the sale, and Woerth is undoubtedly bound to return the $800 in cash paid him by the Goys.

But they contend that they are entitled to a decree quieting their title as against both Andrews and Woerth, or to a judgment for the amount of money paid by them to Woerth, which should be made a lien upon the land by reason of the estoppel hitherto referred to. It is manifest that they cannot have any relief under their contract, for this was never ratified by the owner of the land, unless it be for some sort of an estoppel. As to this matter of estoppel, the trial court found that defendants Goy had failed to establish the affirmative of the issue by sufficient testimony. We have gone over the testimony, and agree with the learned trial

court in its conclusion upon this matter. The evidence is conflicting and irreconcilable, and the burden is upon appellants to establish the representations which it is claimed appellee Andrews made to them. The preponderance of the testimony is in favor of appellee, who has never received anything for his land from Woerth. Defendants Goy knew that Woerth had no title to the land, and their contract with him was subject to the ratification of the owner. There is no reason why plaintiff should lose his land and have it subject to the payment of the $800 which the Goys paid to Woerth. Plaintiff never had any benefit from it, and under the contract it is Woerth's duty to return the amount which was received by him. The trial court had the benefit of the witnesses' presence upon the stand before him, and the record as presented by the printed page amply sustains the conclusion reached.

No error appears, and the judgment must be, and it is, *affirmed.*